139 F.3d 902
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Larry D. NIEMEIER, Defendant-Appellant.
 No. 97-2583.
 United States Court of Appeals, Seventh Circuit.
 Decided Feb. 27, 1998.
Submitted Feb. 26, 1998.
 
 Appeal from the United States District Court for the Western District of Wisconsin. No. 97-CR-3, John C. Shabaz, Chief Judge.
 Before Hon. RICHARD A. POSNER, Chief Judge, and Hon. WALTER J. CUMMINGS and Hon. KENNETH F. RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Pursuant to a written plea agreement, Larry Niemeier pleaded guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). The district court sentenced Niemeier to 63 months' incarceration to run consecutively to a sentence imposed for a parole revocation. Niemeier's appellate attorney seeks to withdraw on the ground that there are no nonfrivolous issues to be raised on appeal. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); United States v. Wagner, 103 F.3d 551 (7th Cir.1996). Because counsel's Anders brief is adequate on its face, we limit our review of the record to those issues raised in counsel's brief. Wagner, 103 F.3d at 553; United States v. Tabb, 125 F.3d 583, 584 (7th Cir.1997). Pursuant to Circuit Rule 51(a), Niemeier was notified of his counsel's actions and was given an opportunity to respond, which he did not.
 
 
 2
 During deer hunting season, two officers with the Wisconsin Department of Natural Resources stopped Niemeier and asked if they could check his firearm to see if it was loaded. After the officers asked for identification and a hunting license, one officer saw a semi-automatic pistol in the front seat of Niemeier's truck. Niemeier admitted to having two other firearms behind the front seat in his truck, as well. At the time, Niemeier was serving federal parole for a 1987 conviction of possession with the intent to distribute cocaine in violation of 18 U.S.C. § 841(a)(1).
 
 
 3
 In his Anders brief, counsel asserts the potential issue that Niemeier's plea was not made voluntarily. After independently reviewing the plea hearing transcript, we conclude that any challenge to the voluntariness of the guilty plea would be frivolous. The district court fully complied with Federal Rule of Criminal Procedure 11 in accepting Niemeier's guilty plea. The district court explained to Niemeier the nature of his offense and plea agreement, the consequences of his plea, and the court's sentencing options. Niemeier indicated his understanding of the nature and consequences of his guilty plea and sentencing. Niemeier also stated that he was voluntarily pleading guilty and was aware that he was waiving his right to a jury trial. Further, at no time has Niemeier indicated any desire to withdraw his guilty plea. Therefore, any challenge to the voluntariness of Niemeier's plea would be frivolous.
 
 
 4
 Counsel maintains that Niemeier informed him that he believes 18 U.S.C. § 922(g) is unconstitutional. It is well-established in every federal circuit that Congress has the authority under the Commerce Clause to regulate firearms under § 922(g)(1). United States v. Williams, 128 F.3d 1128, 1133-34 (7th Cir.1997) (collecting cases). As such, any claim based on the constitutionality of § 922(g) would be frivolous.
 
 
 5
 Next, counsel asserts the possible claim that Niemeier's sentence should not run consecutively to Niemeier's undischarged term of imprisonment, i.e., his parole on the 1987 conviction which was revoked due to the possession of firearms. In assessing whether Niemeier's terms should run consecutively or concurrently, the district court reasoned that Niemeier had a history of violating conditions of parole and that U.S.S.G. § 5G1.3(c) comment. (n. 6), provides for an incremental penalty for the violation of parole. Based on this reasoning and the court's broad discretion in determining whether Niemeier's conviction should run consecutively or concurrently to his revoked parole, a claim that the district court abused its discretion in imposing consecutive sentences would be frivolous. See United States v. Walker, 98 F.3d 944, 945 (7th Cir.1996); see also 18 U.S.C. § 3584. The argument that Niemeier's counsel was ineffective for allowing Niemeier's parole to be revoked before sentencing is also frivolous because the district court has the discretion to sentence either before or after the revocation of the underlying parole. See United States v. Smith, 80 F.3d 1188, 1192 (7th Cir.1996).
 
 
 6
 Last, Niemeier asserts that his trial attorney was ineffective because counsel failed to attack the constitutionality of 18 U.S.C. § 922(g) and did not prevent Niemeier from serving his sentences consecutively. The record fails to support any such nonfrivolous claim under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). As discussed earlier, it is well-established that 18 U.S.C. § 922(g) is constitutional. Further, under § 5G1.3 and 18 U.S.C. § 3584 it was well within the sentencing court's discretion to choose consecutive terms of imprisonment.
 
 
 7
 We GRANT counsel's motion to withdraw and DISMISS the appeal as frivolous.